## City of Reading v. Berks Packing Co., Inc.

*Peter F. Cianci, first assistant city solicitor,* for plaintiff.

*Robert T. Miller,* for defendant.

SAYLOR, *J.,* February 14, 1986—Defendant's motion for post-trial relief from a declaratory judg-

ment entered in favor of plaintiff is before the court for decision.

Plaintiff, the City of Reading, filed an action seeking a declaratory judgment that the revenue which defendant Berks Packing Company, Inc. receives from its production of boneless, cured, smoked and cooked ham is subject to the city's business privilege tax, which was enacted pursuant to the authority of the Local Enabling Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §§6901 to 6922. The city successfully convinced the trial judge that the production of said ham items does not constitute manufacturing and, therefore, does not fall within the manufacturing exemption found in both the city ordinance and the Local Tax Enabling Act.* Defendant, on the other hand, argues that it is engaged in the manufacture of these ham products and that the trial court was in error when it arrived at the opposite conclusion.

At the trial, which was nonjury, plaintiff introduced into evidence, by stipulation of the parties, defendant's written description of the steps and procedures followed in preparing the ham products at issue. In addition, testimony and photographs were received and the court viewed defendant's plant and its operation.

Simply put, the issue presented is whether defendant's production of the ham items in question is processing or manufacturing. In Commonwealth v. Weiland Packing Co., 292 Pa. 447, 141 Atl. 148 (1928), the court held that: (1) sweet pickled meat, i.e., pickled and dry salt pork; (2) smoked skin hams, smoked regular hams, smoked butts, smoked picnics, smoked rib bacon, smoked boneless bacon

---

* Section IIIC(5) of Bill no. 52 of 1975, as amended, and section 6902(4) of the Local Tax Enabling Act, supra.

and smoked cured bacon; and (3) hides and skins, were not manufactured products because no labor or skill was applied, whereby the original articles were changed to new and different substances to be put to a use or uses not originally intended. Similarly, in Armour & Co. v. Pittsburgh, 363 Pa. 109, 69 A.2d 405 (1949), the court held that pickling, smoking, boiling, etc., of meat did not constitute "manufacturing" because a new and different substance did not emerge from the processing.

In the recent case of Van Bennett Food Co., Inc. v. City of Reading, 87 Pa. Commw. 30, 486 A.2d 1025 (1985), in which the preparation of potato salad, macaroni salad, cole slaw, pepper cabbage, baked lima beans, rice pudding, tapioca pudding, health salad, egg salad, tuna salad, cranberry relish, potato filling, bread filling, clam chowder, macaroni and cheese and red beet eggs were held not to constitute manufacturing, the court, after reviewing several cases involving the production of food articles including Weiland and Armour, supra, noted that manufacturing involves more than "merely a superficial change." The Van Bennett court went on to say:

"Thus, we must determine first whether the preparation methods used for the food products at issue consist of the application of a high degree of skill, science and labor; and, second, whether there has been a substantial transformation in form, qualities and adaptability in use so as to produce a new, different and useful article."

With respect to the food items at issue in the instant case, the product from start to finish remains ham. A new and different substance does not emerge from the processing. The removal of the bones and ligaments or gristle merely makes the meat more appetizing for human consumption,

which is the purpose of processing. Even after going through the massager and having the pickle added, the ham remains essentially the same. The subsequent smoking or boiling, as the case may be, makes the product more convenient for use by the consumer, and the shaping of the ham does nothing to change its substance. The process has not done anything more in changing the original meat than to modify its color and taste and to prevent deterioration and decay, and the purpose and use for which it was originally cut from the carcass as a ham is exactly the same — to be used as food. Indeed, it is interesting, although by no means dispositive, that defendant itself refers to the handling of the meat as "processing." Furthermore, it is of no legal significance that the operations require large and extensive plants or organizations, trained men and intricate machinery, for even though the labor be skilled, the operation delicate, a large plant involved, and expensive machinery utilized, such factors neither individually nor collectively convert what is essentially a mere processing operation into a manufacturing one. In the end, the ham is still ham.

For these reasons, the order of the trial court granting a declaratory judgment in favor of plaintiff and against defendant is adopted by the court en banc, and defendant's motion for post-trial relief is denied. Accordingly, we enter the following

## ORDER

February 14, 1986, after argument held thereon, the decision of the trial court is adopted by this court en banc, and defendant's motion for post-trial relief is denied.